IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD G. MORRISON, on behalf of himself and the general public of California,<br><br>             Plaintiff,<br><br>   v.<br><br>MBNA AMERICA BANK, N.A., a commercial bank residing in Delaware; NATIONAL ARBITRATION FORUM, an entity of unknown structure operating in Minnesota; WOLPOFF & ABRAMSON, an entity of unknown structure operating in Maryland,[1]<br><br>             Defendants. | CIV. S-05-05 GEB KJM<br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

       The status (pretrial scheduling) conference scheduled in this case for June 20, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following order issues based on the parties' joint status report and available dates.

---

    [1]    The caption has been amended according to the <u>Dismissal of Doe Defendants</u> portion of this order.

1

## SERVICE OF PROCESS

No further service is permitted, except with leave of Court, good cause having been shown.

## JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

## DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-25 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed January 10, 2005, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

## DISCOVERY

(a) All discovery shall be completed by June 21, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before November 1, 2005, and with the rebuttal expert disclosures authorized under the Rule on or before December 1, 2005.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be August 21, 2006, at 9:00 a.m.[3]

All purely legal issues are to be resolved by timely pretrial motions.  Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).  When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the next court day immediately following the legal holiday.  See Fed. R. Civ. P. 6(a).

Any party bringing a motion to dismiss, motion for summary judgment or summary adjudication, motion for judgment on the pleadings, or motion to remand shall attach to the motion a copy of the latest complaint (or cross-complaint where applicable).

---

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

3

In determining any motion for summary judgment, the Court will assume that the material facts as claimed in the movant's Statement of Undisputed Facts and adequately supported by evidence are admitted without controversy except to the extent that such material facts are (1) disputed in the nonmovant's response to the movant's "Statement of Undisputed Facts," and (2) controverted by declaration or other written evidence filed in opposition to the motion.  See L.R. 56-260(b); Nilsson, Robbin, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988).  A party opposing a motion for summary judgment must serve upon all parties and file with the Clerk of Court the evidence upon which the opposing party will rely in opposition to the motion fourteen days before the scheduled hearing date.  L.R. 78-230(c), 56-260.  Evidence not timely filed by a party will not be considered.  See Marshall v. Gates, 44 F.3d at 725.

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not have reasonably been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not have reasonably been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

4

The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the Court will look with disfavor upon motions[4] presented at the final pretrial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the Court by proper pretrial motion requires resolution by the Court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pretrial motion and/or the Court may elect not to decide the motion and to treat it as untimely.  See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985) (affirming district court's denial of untimely motion since "pretrial order controls the subsequent course of action unless modified by a subsequent order"), rejected on other grounds, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1995); Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (same).

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for October 30, 2006, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial

---

[4] Such motions include contentions under the collateral estoppel or res judicata doctrines.

conference.[5]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order.  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

The following provisions of Local Rule 16-281 shall apply with respect to the matters to be included in the joint pretrial statement:  (b)(1), (b)(2),[6] (b)(3), (b)(5), (b)(9), (b)(10), (b)(11),[7] (b)(12) to and including (b)(21), and (c).

The subject matter in Local Rule 16-281(b)(4), (b)(7), and (b)(8) shall be combined in a single section titled "Factual, Legal and/or Equitable Contentions."[8]  In the "Factual, Legal and/or

---

[5] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the document shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

[6] In this section of the joint pretrial statement the parties must specify what the judge is expected to decide and what the jury is expected to decide.  For instance, if the judge is expected to make a ruling after the jury decides factual disputes, the factual issues to be submitted to the jury shall be specified.

[7] In <u>separate attachments</u> to the joint pretrial statement each party shall list all witnesses and each exhibit individually that the party intends to offer at trial.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

[8] If there are no legal or equitable contentions, the title shall reflect only what is at issue.  The requirement in (b)(8) is modified since a party only needs to state sufficient law to show
(continued...)

1  Equitable Contentions" section, the parties shall number or
2  alphabetize each individually-pled cause of action and pled
3  affirmative defense to preserve the issue for trial.  **Each pled claim**
4  **or affirmative defense must be accompanied by the elemental facts**
5  **supporting it and the relief sought, if applicable.  For example:**
6  **Plaintiff claims that Defendant violated her Fourth Amendment right to**
7  **be free from excessive force by applying the handcuffs too tight and**
8  **seeks general damages.**  If the parties disagree about the inclusion of
9  an issue in this section, that issue shall be followed by the title
10 "Controversy", under which the parties' respective positions on the
11 issue shall be stated.  The parties are warned that the "Factual,
12 Legal and/or Equitable Contentions" section of the joint pretrial
13 statement could be used to specify the issues preserved for trial in
14 the pretrial order, and that order could issue without the court
15 holding the scheduled final pretrial conference.  See Mizwicki v.
16 Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement
17 that the court hold a pretrial conference.").  **Thus, if an issue is**
18 **omitted from this section of the joint pretrial statement, it is**
19 **waived, even if it appears in the pleadings.**  Valley Ranch Dev. Co. v.
20 F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue
21 omitted from the pretrial order is waived, even if it appeared in the
22 pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C.
23 1995) (refusing to modify the pretrial order to allow assertion of a

---

[8](...continued)
viability of an issue.  But it must be clear whether precise federal or state law governs.  If state law governs, the state whose law is applicable must be specified.  Since the governing law is stated in conjunction with the elemental facts to establish a pled claim or defense, there is no need for a separate statement of disputed factual issues required by (b)(4).  The relief sought, referenced in (b)(7), shall follow the issue or issues giving rise to that relief.

previously-pled statute of limitations defense); <u>Olympia Co., Inc. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

The parties are further warned that "since [the] process [of having them delineate trial issues] is designed to promote efficiency and conserve judicial resources, 'there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment.'" <u>Berkovitz v. Home Box Office, Inc.</u>, 89 F.3d 24, 29 (1st Cir. 1996). <u>"If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the Court may summarily dispose of the case or issue</u>. <u>Portsmouth Square v. Shareholders Protective Comm.</u>, 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).

<u>If possible, at the time of filing the joint Pretrial Statement counsel shall also email it in a format compatible with WordPerfect to:  geborders@caed.uscourts.gov.</u>

<u>TRIAL SETTING</u>

Trial is set for January 23, 2007, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are**

1 **cautioned that a mere stipulation by itself to change dates does not**
2 **constitute good cause.**
3 <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>
4 Any party may, within ten (10) court days after the date
5 this Order is filed, file and serve written objections to any part of
6 this Order.  Any objection must specify the requested correction,
7 addition, and/or deletion.  Any response to an objection must be filed
8 and served within ten (10) court days after the objection is filed.
9 IT IS SO ORDERED.
10 Dated:  June 8, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge