IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD G. MORRISON, on behalf of himself and the general public of California,<br><br>               Plaintiff,<br><br>     v.<br><br>MBNA AMERICA BANK, NA, a commercial bank residing in Delaware; NATIONAL ARBITRATION FORUM, an entity of unknown structure operating in Minnesota; WOLPOFF & ABRAMSON, an entity of unknown structure operating in Maryland,<br><br>              Defendants. | 02:05-cv-005-GEB-KJM<br><br><br><br><br><br>ORDER[*] |

On October 5, 2005, Defendant MBNA America, N.A. ("Defendant") filed a ". . . Petition to Confirm Arbitration Award and to Enter Judgment Thereon . . ." which requests an order confirming an arbitration award of $22,969.79 rendered in favor of Defendant against Plaintiff by the National Arbitration Forum. Defendant argues that such an order is appropriate under the Federal Arbitration Act. Plaintiff has filed no papers in opposition to the Petition. Since

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

the Petition does not reveal any basis for the exercise of subject matter jurisdiction, it is dismissed.

"[The] Federal Arbitration Act, 9 U.S.C. § 1 et seq., does not confer independent jurisdiction on the federal courts." <u>Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.</u>, 935 F.2d 1019, 1021 (9th Cir. 1991). "[A]pplicants who . . . seek confirmation of an arbitration award under 9 U.S.C. § 9 must demonstrate independent grounds of federal subject matter jurisdiction." <u>General Atomic Co. v. United Nuclear Corp.</u>, 655 F.2d 968, 969 (9th Cir. 1981).

The Petition states that "jurisdiction in this Court is proper." (Petition at 7.) However, Defendant's Petition fails to demonstrate a basis for the exercise of subject matter jurisdiction. Federal question jurisdiction does not exist because Defendant has not asserted a federal question relating to the Petition. <u>See</u> <u>Carter v. Health Net of California, Inc.</u>, 374 F.3d 830, 836 (9th Cir. 2004). Diversity jurisdiction clearly does not exist because the amount in controversy does not exceed $75,000. Finally, the Court declines to exercise supplemental jurisdiction over the Petition because the Complaint over which the Court had original jurisdiction was dismissed on October 4, 2005, and that dismissal converted to a dismissal with prejudice on October 24, 2005.

For the reasons stated, Defendant's Petition is dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   October 26, 2005           <u>s/ Garland E. Burrell, Jr.</u>
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge